■ SHENISE BURRIS, Appellant, v ALVIN P. SAMUEL, Defendant/Third-Party Plaintiff-Respondent. CHRISTINE KEY et al., Third-Party Defendants-Respondents. [1 NYS3d 298]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 1, 2013, which granted the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and the separate motion of the third-party defendants for summary judgment dismissing the third-party complaint on the same ground.

Ordered that the appeal from so much of the order as granted the third-party defendants' motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant/third-party plaintiff.

The defendant/third-party plaintiff, Alvin P. Samuel, failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted in support of the motion failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since Samuel did not sustain his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court should have denied Samuel's motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.